38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samuel S. BARLOW, Ina Barlow, Luella Barlow, Diane Barlow,
Vincen Barlow, and Helaman Barlow, Plaintiffs-Appellants,
v.
John A. BLACKBURN, et al., Defendant-Appellees.
 No. 93-15222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 19, 1994.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges, and FONG,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Samuel Barlow and his three wives and two children appeal the district court's dismissal of their 42 U.S.C. Sec. 1983 action against members and employees of the Arizona Law Enforcement Officer Advisory Council (ALEOAC). They also appeal the court's denial of their motion for leave to file a second amended complaint. We affirm the court's dismissal of the first amended complaint because we find Barlow abandoned his appeal as to this issue. We also affirm the court's denial of Barlow's motion to amend because the court properly ruled that the second amended complaint was futile insofar as it duplicated claims from the dismissed first amended complaint. In addition, we find that the court properly ruled that it lacked jurisdiction over the second amended complaint to the extent that it raised new allegations.
 
 I. Background
 
 4
 Samuel Barlow is a member of the Fundamentalist Mormon Church, and he organizes his family under his church's command that he observe plural marriage. Ina Barlow is Samuel Barlow's legal wife. Luella and Diane Barlow are "plural wives" of Samuel Barlow, and Vincen and Helaman Barlow are Samuel Barlow's sons.
 
 
 5
 Barlow[1] is a certified Arizona peace officer, and is employed as a deputy marshal in Colorado City, Arizona. In December 1987, the ALEOAC gave Barlow notice that the group intended to consider whether Barlow's openly admitted practice of polygamy violated his oath of office and thus required revocation of his certification. In response, Barlow filed a special action in the Superior Court of Arizona seeking entry of an order prohibiting ALEOAC from proceeding against him.
 
 
 6
 The superior court granted Barlow's request and permanently enjoined the ALEOAC from proceeding against him. On appeal, the Arizona Court of Appeals reversed, holding that the state's interest in enforcing its certification requirement overrode Barlow's interest in the practice of polygamy, "at least to the extent of justifying the administrative hearing" that was the subject of the appeal. Barlow v. Blackburn, 798 P.2d 1360, 1367 (Ariz.Ct.App.1990). The Arizona Supreme Court denied Barlow's petition for review. Barlow did not file a petition for certiorari with the United States Supreme Court.
 
 
 7
 A year after the petition for review was denied, Barlow filed a Sec. 1983 claim in federal district court, seeking damages as well as injunctive relief from the impending ALEOAC hearing. The district court then refused to enjoin the ALEOAC proceedings. The ALEOAC filed a motion to dismiss the claims, which the court took under submission.
 
 
 8
 The ALEOAC then held a two-day administrative hearing. After the proceedings concluded, the ALEOAC hearing officer recommended that the ALEOAC dismiss the decertification proceedings. The hearing officer found that although Barlow's conduct violated the Arizona constitution and his peace officer oath, that violation did not interfere with the public's trust, nor did it bear any connection with his required police activities. The ALEOAC council accepted the hearing officer's recommendation and dismissed the decertification proceedings against Barlow.
 
 
 9
 After the ALEOAC dismissed its decertification proceedings against him, Barlow filed a motion with the district court for leave to file a second amended complaint in his Sec. 1983 case, which was still pending in the district court. Before the district court ruled on the ALEOAC's first motion to dismiss, the ALEOAC filed a supplemental motion to dismiss.
 
 
 10
 The district court granted the motion to dismiss.[2] The court found: (1) that the damages claims in the first amended complaint were barred by the Arizona's two year personal injury statute of limitations, Ariz.Rev.Stat. Sec. 12-542; and (2) that because the state court reached the merits of Barlow's constitutional claim, the district court had no jurisdiction over the claims for injunctive relief since those claims were based on the same constitutional question resolved in the state action.[3] The district court also denied Barlow's motion for leave to file a second amended complaint, finding: (1) that the proposed complaint was futile to the extent that it alleged claims based on violations of state laws and regulations, and to the extent that it realleged claims previously alleged in the dismissed first amended complaint; and (2) that under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Worldwide Church of God v. McNair, 805 F.2d 888 (9th Cir.1986), the district court lacked jurisdiction to review a damages claim based on newly asserted facts in the second amended complaint.
 
 II. Discussion
 
 11
 A. Motion to Dismiss.
 
 
 12
 The ALEOAC argues that we should affirm the dismissal of the first amended complaint because Barlow has abandoned his appeal on that issue. We agree, and thus we do not review the district court's order dismissing the first amended complaint.
 
 
 13
 In International Union of Bricklayers v. Martin Jaska, 752 F.2d 1401, 1404 (9th Cir.1985), we stated: "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." As the ALEOAC points out in its answering brief, Barlow in his opening brief not only does not "specifically and distinctly" raise and argue the district court's order dismissing the first amended complaint, but he also completely fails to address it.
 
 
 14
 In response to this, Barlow states in his reply brief that in his opening brief he only argued against "some but not all of the reasons" given by the district court for its order dismissing the first amended complaint. In his reply brief, Barlow then goes on to refer solely to the preclusion argument, an argument that applies only to the claims for injunctive relief. By doing so he has failed to appeal the court's ruling that the damages claim in the first amended complaint was barred by the statute of limitations.[4]
 
 
 15
 As to the preclusion argument, Barlow asserts in his reply brief that in his opening brief he did not abandon the argument that the court erred when it dismissed the first amended complaint. To back this up, Barlow states that we should infer that when argued in his opening brief against preclusion (where he states that the district court erred when it ruled that the second amended complaint was precluded under Feldman ) he was in effect making the additional argument that the district court similarly erred when it dismissed, on preclusion grounds, the claims for injunctive relief in the first complaint.
 
 
 16
 This attempt by Barlow to resuscitate his injunctive relief claims in the first amended complaint fails. His theory as to why the newly asserted damages claims in the second amended complaint are not precluded does not apply, even inferentially, to an argument that the injunctive relief claims in the first amended complaint were not precluded. As is discussed in further detail below, Barlow's only stated argument as to why his claims are not precluded is that his claims for relief are based on acts of the ALEOAC that took place after the state court's ruling. That argument clearly does not apply to a claim that the ALEOAC be enjoined from acting in the first place. Moreover, as the district court noted in its order dismissing the first amended complaint, Barlow himself stated in his reply memorandum to his motion to dismiss that the issue of injunctive relief was moot. Therefore we decline to rule on the motion to dismiss since we find that under International Union of Bricklayers, Barlow has failed to raise this issue on appeal.
 
 
 17
 B. Motion to Amend.
 
 
 18
 Where, as is the case here, a responsive pleading has been filed, we review the denial of a motion to amend for abuse of discretion. Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1206 (9th Cir.1988). Such a denial, however, is reviewed strictly in light of the strong policy permitting amendment. Id.
 
 
 19
 The district court denied the motion to amend because it determined that the second amended complaint was futile to the extent that it realleged claims identical to those in the dismissed first amended complaint.[5] In Klamath-Lake Pharmaceutical Assoc. v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.), cert. denied, 464 U.S. 822 (1983), we held that futile amendments should not be permitted. Here, the district court did not abuse its discretion in finding that that the second amended complaint was futile to the extent that it replicated claims from the dismissed first amended complaint.
 
 
 20
 C. Subject matter jurisdiction.
 
 
 21
 The district court ruled, and we agree, that the portion of the second amended complaint that repeated claims from the first amended complaint was void as futile. As to the newly alleged portions of the second amended complaint, we agree with the district court's conclusion that it lacked subject matter jurisdiction to review those allegations.
 
 
 22
 We review the existence of subject matter jurisdiction de novo. Kruso v. IT & T Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 23
 The district court ruled that under the Supreme Court's ruling in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and this court's holding in Worldwide Church of God v. McNair, 805 F.2d 888 (9th Cir.1988), Barlow's new claims constituted an impermissible attempt to secure federal court review of an issue already decided by the state court. Specifically, the district court found that the Arizona Court of Appeals had already reached the federal constitutional issue alleged in Barlow's second amended complaint. The state court reached this issue when it ruled in Barlow's first suit that the free exercise clause of the First Amendment did not prevent the ALEOAC from considering decertification based solely on Barlow's practice of polygamy, absent evidence regarding the effect of his polygamy on public trust.
 
 
 24
 A United States district court as a court of original jurisdiction, "has no authority to review the final determinations of a state court in judicial proceedings." McNair, 805 F.2d at 890, citing Feldman, 460 U.S. at 476. The proper place to seek such review is the United States Supreme Court. 28 U.S.C. Sec. 1257; McNair, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional questions." McNair, 805 F.2d at 891. The test to determine if we have subject matter jurisdiction[6] is whether the claims brought in federal court are "inextricably intertwined" with the state court's decision, such that a decision by the federal court would require reviewing the propriety of the state court's decision. Id. at 892, citing Feldman, 469 U.S. at 483-84 n. 16.
 
 
 25
 Here, Barlow's remaining complaint in his federal suit is that the ALEOAC violated his right to freely exercise his religion when the ALEOAC failed to conduct its hearing in accordance to the holding by the Arizona Court of Appeals. That court ruled that "the purpose of the hearing before the ALEOAC is to determine whether Barlow's conduct tends to jeopardize public trust and fidelity with respect to the law enforcement profession." Barlow, 798 P.2d at 1367. Barlow asserts that the ALEOAC conducted decertification proceedings based solely on his religion and not on the question of diminished public trust. But we agree with the district court that the Barlow court held that the free exercise clause did not prevent the ALEOAC from considering whether the per se practice of polygamy in violation of the Arizona constitution and the Arizona peace officer's oath jeopardized or could potentially jeopardize public trust. In other words, the ALEOAC was not limited by the Arizona Court of Appeals to considering only direct evidence of the effect of Barlow's polygamy upon public trust, which seems to be the substance of the new allegations in Barlow's second amended complaint.
 
 
 26
 The ALEOAC proceedings did not violate the ruling of the Arizona Court of Appeals; instead, they followed the dictates of the Arizona court's ruling on a federal constitutional issue. If Barlow objected to that ruling, his remedy was to petition the United States Supreme Court for certiorari, not to present this claim that is "inextricably intertwined" with the state court's prior ruling on this issue. Under 28 U.S.C. Sec. 1257, the Supreme Court is "the only federal court authorized to hear appeals from state courts." Elks National Foundation v. Weber, 942 F.2d 1480, 1481 (9th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992). Thus we agree with the district court that it lacked subject matter jurisdiction to hear claims based on newly alleged facts in the second amended complaint.
 
 III. Conclusion
 
 27
 We affirm the district court's dismissal of the Barlow's first amended complaint because we find Barlow has abandoned his appeal as to the issue. Further, we find that the district court properly denied leave to amend when it determined that proposed amendments were futile and that it lacked subject matter jurisdiction over the complaint.
 
 
 28
 Appellee ALEOAC's request for double costs and attorneys fees incurred in this appeal is denied.
 
 
 29
 Each party to bear its own costs.
 
 
 
 *
 The Honorable Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This memorandum disposition refers to Barlow throughout in the singular. Where appropriate, "Barlow" in the singular also refers to the plaintiffs as a group
 
 
 [2]
 The district court treated the motion to dismiss and the supplemental motion to dismiss as one for the purposes of its ruling
 
 
 [3]
 The district court also stated that "to the extent that [Barlow] raised or could have raised its claim for damages in the previous state action," Barlow's damages claims were also precluded, but that since the court lacked evidence as to whether Barlow did raise or could have raised a damages claim in the state action, it could not make that determination
 
 
 [4]
 Barlow mentions the district court's dismissal based on the statute of limitations only in passing, when he erroneously asserts that the district court refused to allow him to amend because of the statute of limitations
 
 
 [5]
 The court also stated that under Maine v. Thiboutot, 448 U.S. 1, 4-5 (1980), the proposed amendments were futile to the extent that the Sec. 1983 action was based on state laws and regulations. The court did not indicate, however, which portions of the second amended complaint that ruling applied to. Thus since the other bases discussed in this section and the section below act as complete bars to Barlow's motion to amend, we need not reach this portion of the district court's ruling
 
 
 [6]
 As we noted in Robinson v. Ariyoshi, 753 F.2d 1468 (9th Cir.1985), vacated on other grounds, 477 U.S. 902 (1986), the Supreme Court has approached this question of federal court review of state court rulings on federal law under both res judicata (or preclusion) analysis, and as an issue of subject matter jurisdiction. But under either approach, the crux of the inquiry remains the same: "whether there has already been actual consideration of and a decision on the issue presented." Robinson, 753 F.2d at 1472. We went on to state in Robinson: "If consideration and decision have been accomplished [in the state court], action in federal court is an impermissible 'appeal' from the state court decision." Id